Vázquez et al. *v.* Vázquez et al.

Appeal from the District Court of Ponce.

No. 338.—Decided February 17, 1909.

Prescription—Action of Nullity of Contract.—In accordance with section 1268 of the Civil Code the action of nullity of a contract prescribes in four years.

The facts are stated in the opinion.

*Messrs. Boerman & Llorens* for appellants.

*Mr. José Tous Soto* for respondents.

Mr. Justice Wolf delivered the opinion of the case.

This case involves the question of whether the action described in the complaint filed by the appellants in the District Court of Ponce has prescribed.

The complaint sets up that during his life Francisco Xavier Vázquez had made a deed of conveyance to Juan José Quintana, of certain properties described in the complaint; setting up further that his deed of sale was simulated or false; that there was no real sale, but that the said Juan José Quintana held the property in trust or as a *fideicomiso* for the benefit of the grantor and his heirs. The heirs of said Xavier prayed that the said deed be declared void.

The complaint also showed that the said Xavier died in June, 1897, having, theretofore made a will bearing date in May, 1897. The original complaint was filed on the 21st of February, 1908, upon a demurrer being sustained thereto, an amended complaint was filed on April 27, 1908. A demurrer was filed to the amended complaint on several grounds and was sustained on the ground that the action had prescribed. The section of the Civil Code upon which respondents rely to sustain this demurrer is as follows:

"Section 1268.—The action for nullity shall last four years.

"This term shall commence to run:

"In cases of intimidation or violence from the day on which it has ceased;

"In those of error or defect or falsity of consideration, from the date of the consummation of the contract;

"When the purpose of the action is to invalidate contracts made by a married woman, without consent or competent authority, from the date of the dissolution of the marriage;

"And when it refers to contracts executed by minors or incapacitated persons, from the date they were released from guardianship."

The appellants urge that there is a distinction between a contract validly made and one which is simulated and the party against whom the relief is sought is a mere trustee. But the contract here was created by a valid public document which on its face did not show any trust or relation of *fideicomiso*.

The limitation fixed by the statute being four years and over ten years having elapsed since the death of Xavier we 'cannot see anything to prevent the running of the prescription. If the deed showed a fiduciary relation the parties might have enforced it. The deed, however, on its face, differs from no other contract of sale and is subject to the plain provisions of section 1268.

The judgment must be affirmed.

*Affirmed.*

Justices Hernández, Figueras and MacLeary concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.